IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BETSY BERKEY**<br>401 West Shoreline Drive<br>Sandusky, Ohio 44870<br><br>*Plaintiff*,<br><br>vs.<br><br>**WAL-MART STORES, INC.**<br>(d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter)<br>c/o C.T. Corporation System<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>-and-<br><br>**WAL-MART STORES EAST, LP**<br>(d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter)<br>c/o C.T. Corporation System<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>-and-<br><br>**WAL-MART ASSOCIATES, INC.**<br>c/o C.T. Corporation System<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>-and-<br><br>**WAL-MART REAL ESTATE BUSINESS TRUST**<br>c/o C.T. Corporation System<br>Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>-and- | )))))))))))))))))))))))))))))))))))))))))))) | CASE NO:<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br><br>*(Jury Demand Endorsed Hereon)* |

| | |
|---|---|
| **JOHN DOES 1 through 10** | ) |
| (Names and Addresses Unknown) | ) |
| Individual(s), Agency(ies), Corporation(s), | ) |
| Partnership(s), and/or other Business | ) |
| Entity(ies) whose name(s) and address(es) | ) |
| are currently unknown but who are | ) |
| described in more detail herein. | ) |
| | ) |
| *Defendants.* | ) |

NOW COMES Plaintiff Betsy Berkey, by and through the undersigned counsel, and for her complaint against the Defendants, states as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times relevant herein, Plaintiff Betsy Berkey was a resident of Ohio.

2. At all times relevant herein, Defendant Wal-Mart Stores, Inc. (d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter) was (and remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas and was doing business in Ottawa County, Ohio.

3. At all times relevant herein, Defendant Wal-Mart Stores East, LP (d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter) was (and remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas and was doing business in Ottawa County, Ohio.

4. At all times relevant herein, Defendant Wal-Mart Associates, Inc. was (and remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Delaware with a principal place of business within Ohio located in the City of Cleveland, Cuyahoga County, Ohio and was doing business in Ohio, including in Ottawa County.

5. At all times relevant herein, Defendant Wal-Mart Real Estate Business Trust was (and

remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas and was doing business in Ottawa County, Ohio.

6. At all times relevant herein, Defendant John Does 1 through 10 are individuals, agencies, corporations, partnerships, and/or other business entities who are/were organized and existing under the laws of Ohio and/or some other state. The exact name(s), address(es) and identity(ies) of John Does 1 through 10 are currently unknown and could not be discovered with reasonable and due diligence prior to the filing of this Complaint. Plaintiff will seek leave to amend this Complaint to specifically identify the exact names and addresses of John Does 1 through 10 once their exact names and addresses are discovered, known and identified.

7. Plaintiff believes and therefore states that at all times relevant herein, Defendant Wal-Mart Stores, Inc. (d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter), Defendant Wal-Mart Stores East, LP (d/b/a or a/k/a Wal-Mart and/or Wal-Mart Supercenter), Defendant Wal-Mart Associates, Inc., Defendant Wal-Mart Real Estate Business Trust, and/or John Does 1 through 10 (hereinafter collectively Defendants) either directly or through one or more subsidiary or affiliated business entities jointly and severally owned, possessed, operated, controlled, staffed and/or maintained the Port Clinton, Ohio Wal-Mart Supercenter located at 2826 East Harbor Road, Port Clinton, Ohio 43452 (hereinafter the "Port Clinton Wal-Mart Supercenter").

8. Jurisdiction over this claim is provided this Court under 28 U.S.C. §§ 1332 and/or 1367.

9. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Ottawa County, Ohio and because Defendants are engaged in business and/or employment within Ottawa County, Ohio.

10. On or about May 14, 2013, Plaintiff Betsy Berkey was lawfully on the premises of and

was a shopper and customer in the Port Clinton Wal-Mart Supercenter.

11. At that same time and place, Plaintiff Betsy Berkey was in the lawn and garden area and was shopping and looking at product displays when she tripped, slipped and fell on what she now believes was a type of short, rolling trash can dolly or caddy, causing her to fall onto her left side and strike her head and left chest area onto the side of the checkout counter sustaining the injuries, harms, damages and losses described more fully below.

12. Plaintiff believes and therefore states that this item was placed or left on the floor in the path of customers by a Wal-Mart employee or associate.

13. Plaintiff believes and therefore states that the Defendants (and almost all retailers) deliberately stock their shelves and display goods in such a way as to draw customers' attention away from the floors, and onto their shelves and product displays to entice them to buy, making it even more unlikely that customers, including Plaintiff, might even notice or be aware of a short, wheeled item left on the floor, let alone appreciate the hazard and risk of fall that it might pose.

14. The location, size and appearance of this rolling trash can dolly or caddy presented a substantial and unreasonable danger or risk of harm to customers shopping in Defendants' Port Clinton Wal-Mart Supercenter store.

15. Upon information and belief, this rolling trash can dolly or caddy had been placed or left on the floor and in this location for an extended period of time and long enough that Plaintiff believes that Defendants' employees knew or should have known of its existence, knew or should have known that it was a danger to customers, and should have been removed or remedied.

16. Despite their knowledge, Defendants' managers and employees working in the store did not adequately inspect, clean and remove from the floor objects and products that posed a slip, trip and fall hazard to customers, or post warning signs or take other reasonable steps and efforts to remove such objects or to warn and protect customers from such hazards.

17. Plaintiff requested Wal-Mart to collect, preserve and maintain all documents and evidence, including without limitation video surveillance evidence of the store area where Plaintiff fell. Plaintiff reserves the right to amend this complaint to include claims of spoliation of evidence if it appears the Defendants have deleted, destroyed, or failed to collect, preserve and maintain such evidence following Plaintiff's request.

18. Defendants owed a duty to their business invitees and customers including Plaintiff to, among other things, exercise reasonable and ordinary care to keep the Port Clinton Wal-Mart Supercenter premises in a reasonably safe condition and to train and supervise their managers and employees to keep it in a reasonably safe condition.

19. As part of their duty to exercise ordinary care to keep the premises in a reasonably safe condition for their business invitees and customers, Defendants must abide by these important safety rules:

   a. A retail store owner and operator must make the safety of its customers its primary concern.

   b. Customer safety is always the primary concern for the owner and operator of a retain store in making or not making a decision to correct a known hazardous condition existing in the store.

   c. A retail store owner and operator must pay attention and conduct inspections in order to become aware of conditions on its property that pose a hazard to customers.

   d. A retain store owner and operator must train, instruct, require, encourage and empower employees to pay attention and conduct inspections to become aware of and immediately correct conditions on its property that pose a hazard to customers.

   e. A retain store owner and operator must take immediate and reasonable action to correct conditions on its property that pose a hazard to customers.

20. The failure of a retail store owner and operator to abide by these important safety rules constitutes a breach of its duty of ordinary care to keep the store premises in a reasonably safe condition for its customers.

21. Defendants were negligent and breached their ordinary duty of care owed to customers of the Port Clinton Wal-Mart Supercenter, including Plaintiff, by, among other things:

   a. Allowing a hazard (namely, rolling trash can dolly or caddy) to be placed on and remain on the floor in the path of customers, despite reasonable and ample actual or constructive notice of it and the slip, trip and fall hazard and unreasonable risk of harm that it posed to their business invitees and customers, including Plaintiff.

   b. Failing to place and maintain this store and the merchandise, equipment and items therein in a reasonably safe condition.

   c. Failing to train and supervise the managers and employees of this store to place and maintain this store and the merchandise, equipment and items therein in a reasonably safe condition.

   d. Failing to take reasonable and appropriate steps and action to prevent or remedy a slip, trip and fall hazard from existing in the Port Clinton Wal-Mart Supercenter.

   e. Failing to properly or adequately train, instruct, require, encourage and empower employees and associates to not place, to not leave and to remove items on the floor that pose a slip, trip and fall hazard or unreasonable risk of harm to customers and to pay attention and conduct inspections to become aware of and immediately correct conditions on its property that pose a hazard to customers.

   f. Failing to take reasonable, appropriate, proper and timely steps to inspect the Port Clinton Wal-Mart Supercenter premises to become aware of and remove or correct any slip, trip and fall hazards that existed, including this rolling trash can dolly or caddy.

   g. Failing to warn customers, including Plaintiff, of the existence of this slip, trip

and fall hazard and danger in the Port Clinton Wal-Mart Supercenter.

h. Failing to abide by the safety rules set forth above.

i. Failing to take other action or steps that a reasonable retain store owner and operator would take under similar circumstances to prevent a slip, trip and fall hazard from existing or being created in their store.

j. Failing to take other action or steps that a reasonable retain store owner and operator would take under similar circumstances to inspect for slip, trip and fall hazards in their store.

k. Failing to take other action or steps that a reasonable retain store owner and operator would take under similar circumstances to correct a slip, trip and fall hazard in their store.

l. Failing to take other action or steps that a reasonable retain store owner and operator would take under similar circumstances to warn customers of a slip, trip and fall hazard that existed in their store.

22. This slip, trip and fall hazard was unknown to and was not obvious to Plaintiff under the circumstances, including but not limited to the attendant circumstances.

23. As a direct and proximate result of Defendants' negligence Plaintiff sustained serious and long-lasting and/or permanent personal injuries and damages, including, without limitation: head contusion and injury with concussion; neck injury; left shoulder contusion and injury; left chest contusion and injury; right hand and finger injury; leg contusion and injury; numerous and various bodily lacerations and contusions; and other currently undiagnosed or unknown injuries. Some or all of these injuries resulted in extreme pain, suffering, scarring, discomfort, and disability, all of which Defendants are jointly and severally liable for.

24. As a further direct and proximate result of Defendants' negligence, Plaintiff required (and continues to require) medical care and treatment for which she has incurred (and will

continue to incur) expenses for the evaluation, diagnosis, care and treatment of her injuries; all of which Defendants are jointly and severally liable for.

25. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered (and will continue to suffer) a loss in the enjoyment of her life and in her ability to live free of pain, discomfort and disability and has suffered a loss of her ability to perform her usual functions including those involved with daily activities as well as those activities from which she derived pleasure, enjoyment and/or income; all of which Defendants are jointly and severally liable for.

26. As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred (and will continue to incur) economic losses and out-of-pocket expenses including, but not limited to: prescription and medical supply expenses and charges, and fees and expenses related to prosecuting this action, all of which Defendants are jointly and severally liable for.

27. Plaintiff believes that some or all of her injuries, damages, harms and losses as stated herein are permanent or are long lasting and will continue into the indefinite future.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs, expenses, interest and such further legal and equitable relief to which she may be entitled.

          Respectfully submitted,
          *PLEVIN & GALLUCCI CO., L.P.A.*

          /s/ David R. Grant

          David R. Grant (OH Reg. 0065436)
          55 Public Square - Suite 2222
          Cleveland, Ohio 44113
          T: (216) 861-0804  F: (216) 861-5322
          Email: dgrant@pglawyer.com
          *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

>/s/ David R. Grant
>David R. Grant (OH Reg. 0065436)
>*Counsel for Plaintiff*