UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Betsy Berkey,	Case No. 15-cv-895

    Plaintiff

    v.	MEMORANDUM OPINION

Wal-Mart Stores, Inc., et al.,

    Defendants

## I.    INTRODUCTION

Before me is Defendants' motion for summary judgment. (Doc. No. 31). Plaintiff Betsy Berkey opposed the motion (Doc. No. 47), and Defendants replied. (Doc. No. 48).

## II.    BACKGROUND

On May 14, 2013, Plaintiff Betsy Berkey was shopping at the Port Clinton, Ohio Wal-Mart Supercenter location, operated by Defendant Wal-Mart Stores East, L.P. (Doc. No. 1 at 3; Doc. No. 3 at 3). While in the lawn and garden department of the store, Berkey slipped and fell while turning the corner of the aisle. (Doc. No. 32-1 at 19). Although she could not identify the exact object on which she stepped that caused the fall, Berkey claims it "felt like [she] was on a roller skate." *Id.* After the fall, Berkey went to the customer service department to report the incident, but did not go to the hospital to be examined until several hours later when she arrived home from the store. *Id.* at 28-29. There is no direct surveillance footage of the incident and no available witnesses saw Berkey fall.[1] But the common theory of Wal-Mart employees is that Berkey fell on a trash can dolly located

---

[1] Berkey testified that a man who she believed to be a Wal-Mart employee was present after the fall and offered to give her his name and number. (Doc. No. 32-1 at 25-26). Leland ("Luke") Zunk, an employee of Wal-Mart in the lawn and garden department at the time, may have witnessed the incident, but he was not interviewed in Wal-Mart's investigation of the incident. (Doc. No. 39 at 8-11, 13-14, 27; Doc. No. 41 at 19; Doc. No. 43 at 35; Doc. No. 46 at 9). He spoke with Tanya Kozlok about the fall and she gave a witness statement about the incident based on the information she was

on the floor that is approximately one and a half feet in diameter and less than six inches in height. (Doc. No. 31-2, Doc. No. 39 at 11-12).

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. DISCUSSION

As with any negligence claim, to succeed on this slip-and-fall claim, Berkey "must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St. 3d 75, 77 (1984). Defendants do not contest that Berkey was a business invitee of the Wal-Mart store and, in operating the store, Defendants had a duty to "exercise ordinary care to maintain the premises in a reasonably safe condition so that his customers will not be unnecessarily and unreasonably exposed to danger." *Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 11 (1950). But Defendants assert that they are entitled to summary judgment because Berkey is unable to identify the exact cause of her fall. Alternatively, Defendants argue that the trash can dolly – alleged to have caused the fall – was an open and obvious hazard of which Defendants had no duty to warn. *See Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 644 (1992).

---

told, identifying the trash can dolly as the object on which Berkey stepped. (Doc. No. 39 at 8-11, 13-15, 36; Doc. No. 39-2). Zunk was not available to be deposed because he passed away in July 2013. (Doc. No. 39 at 9).

A.  Identification of Hazard

"To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." *Stamper v. Middletown Hosp. Ass'n*, 65 Ohio App. 3d 65, 67-68 (Ohio App. Ct. 1989) (citing *Cleveland Athletic Ass'n Co. v. Bending*, 129 Ohio St. 152 (1934)). "An inference of negligence can arise only upon the proof of some fact from which such inference can be reasonably drawn and it can never arise from mere guess, speculation, or wishful thinking." *Parras v. Standard Oil Co.*, 160 Ohio St. 315, 315, at syl. ¶ 2 (1953); *see also Beck v. Camden Place at Tuttle Crossing*, 2004-Ohio-2989, 2004 WL 1277044, at *2 (Ohio Ct. App. June 10, 2004) ("A plaintiff cannot speculate as to what caused the fall. However, while a plaintiff must identify the cause of the fall, he does not have to know, for example, the oily substance on the ground is motor oil. Instead, it is sufficient that the plaintiff knows the oily substance is what caused his fall.").

Defendants' motion for summary judgment must be granted if, construing all of the evidence in Berkey's favor, "reasonable minds can come to *no* other conclusion than that there was no negligent act or omission on the part of the defendants." *Cleveland Athletic Ass'n Co.*, 129 Ohio St. at 154-55 (emphasis added); *see also Mann v. Northgate Investors L.L.C.*, 973 N.E.2d 772, 778-79 (Ohio Ct. App. 2012) (denying summary judgment based on the finding that the plaintiff's relatively vague testimony regarding her fall was evidence could reasonably be interpreted to identify the cause of her fall).

Unlike the plaintiff in *Stamper* who simply testified, "I just fell. I don't know." without "any explanation as to the cause of her fall," 65 Ohio App. 3d at 68, Berkey was able to describe how the fall happened, testifying that she stepped on something and felt like she was on a roller skate. (Doc. No. 32-1 at 19, 22-23). The Manager's Statement of the incident, dated the same day as the fall, states, "The customer said she was shopping in Lawn and Garden when she stepped on a round disk

3

and it caused her to slip and fall." (Doc. No. 41-1). The Manager's Statement also describes the location of the fall and the disk itself, noting the size and stating the purpose was to set trash cans on it "so you can move them around." *Id.* Berkey's statement from the day of the incident on the "Customer Statement" form is nearly illegible because of the copy quality but the word "wheels" appears to be in the description of the event. (Doc. No 41-2). As argued by Berkey in her opposition to summary judgment, even though she is unable to identify the exact object even now, she or other witnesses at the time were able to describe the fall with enough particularity that the Wal-Mart employees were able to identify the trash can dolly as the cause for purposes of the incident report. Because Berkey is able to explain the fall itself and Wal-Mart employees performing the investigation were able to quickly identify the cause the fall, I find the identification of the trash can dolly as the cause is not based on mere speculation, but instead reasonable inferences from the facts presented. Considering the evidence presented in Berkey's favor, I find a reasonable juror could conclude Berkey fell because she stepped on the trash can dolly.

B.  Open and Obvious Doctrine

Under Ohio law, the open-and-obvious doctrine bars any negligence claim because "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 80, 82 (2003) (approving and following *Sidle v. Humphrey*, 13 Ohio St. 2d 45 (1968)). But, even though "the open-and-obvious doctrine goes to the existence of a duty, which is a question of law, observability can be rendered a question for the jury when the underlying facts are disputed and reasonable minds could disagree." *Andler v. Clear Channel Broad., Inc.*, 670 F. 3d 717, 725 (6th Cir. 2012). To determine whether the doctrine applies, the court does not consider the plaintiff's conduct, but rather asks whether the hazard itself was "so obvious and apparent" that the injured party should have been "*reasonably* be expected to discover [it]." *Sidle*, 13 Ohio St. 2d at 48 (emphasis added); *see also Armstrong*, 99 Ohio St. 3d at 82 ("[T]he rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the

4

plaintiff's conduct in encountering it."). Additionally, even if a hazard is visible, an issue of material fact may be exist if there were attendant circumstances or distractions that would reduce the degree of care exercised by an ordinary person. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App. 3d 494, 499 (Ohio Ct. App. 1996).

As noted by the court in *Andler*, between initial visibility and attendant circumstances, previously decided slip-and-fall cases hold little precedential value because of the "extremely fact-specific" nature of the observability of the hazard. 670 F. 3d at 725 (quoting *Henry v. Dollar Gen. Store*, 2003-Ohio-206, 2003 WL 139773, at *4 (Ohio Ct. App. Jan. 17, 2003)); *see also George v. Kroger Co.*, 2013-Ohio-2929, 2013 WL 3421978, at *4 (Ohio Ct. App. July 3, 2013) (noting that because of the fact-specific case-by-case inquiry that must be made when determining whether the cause of the fall was open and obvious, the analysis does not turn on which precedent to follow). Defendants point to two cases to support their position that the trash can dolly was open and obvious. *See George, supra*, 2013 WL 3421978; *Colvin v. Kroger Co., Inc.*, 2006-Ohio-1151, 2006 WL 589381 (Ohio Ct. App. Mar. 13, 2006).

But the facts of those cases may be distinguished from those currently at issue. Specifically, while the objects that caused the plaintiffs to fall were both on wheels, they are different in size and type than the trash can dolly at issue here. *See George, supra*, at *1 ("[T]he handleless dolly was approximately two feet long by two feet wide and stood a three or four inches off of the ground."); *Colvin, supra*, at *1-*2 (stating the flat-bed cart at issue had a waist-high handle, was three or four feet long on the "short" end, and eight to ten inches off the ground). Likewise, while the plaintiff in *Colvin* was turning a corner when she fell, the plaintiff in *George* was not. *See George, supra*, at *4; *Colvin, supra*, at *1. In fact, contrary to Defendants' contention that Berkey was rounding the corner is immaterial to observability, *George* quotes the trial court who distinguished the plaintiff who was walking straight forward and "had a clear opportunity to become aware of her surroundings" from cases where the plaintiff was rounding a corner and "had no opportunity [to] evaluate the hazard."

5

*George*, *supra*, at *4 (citing *Kidder v. Kroger Co.*, 2004-Ohio-4261, 2004 WL 1802050, at *2 (Ohio Ct. App. Aug. 13, 2004) and *Henry*, *supra*, at *4).

Evaluating the facts in the light most favorable to Berkey, I find reasonable jurors could disagree as to whether the trash can dolly was open and obvious. Although the pictures reveal that the dolly was darker than the floor, it is only one and a half feet in diameter and less than six inches tall. (Doc. No. 31-2, Doc. No. 39 at 11-12). While the exact location of the dolly at the time of the fall is still unclear, Berkey testified that she stepped on the object while rounding the corner of the aisle. (Doc. No. 32-1 at 19). Because the trash can dolly was so low to the ground and located on the corner of the aisle, I find that a reasonable juror could conclude Berkey was unable to observe the dolly before she stepped on it and fell. *See, e.g.*, *Henry*, *supra*, at *4 (denying summary judgment because reasonable minds could conclude the plaintiff could not see and avoid a "cement block only two or three steps after turning the corner."); *Kidder*, *supra*, at *2 (denying summary judgment because reasonable minds could conclude the plaintiff had "little advance opportunity to perceive the hazard" when she "slipped immediately upon turning the corner at the end of an aisle.").

V. CONCLUSION

For the foregoing reasons, I find a genuine issue of material fact remains as to Berkey's slip-and-fall claim and therefore deny Defendants' motion for summary judgment. (Doc. No. 31).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge